UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>    Plaintiff,<br><br>vs.<br><br>LEYVA, et al.,<br><br>    Defendants. | 1:18-cv-00399-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF BE PRECLUDED FROM PROCEEDING IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g) AND THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $400.00 FILING FEE IN FULL<br>(ECF No. 1.)<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS |

**I.    BACKGROUND**

    Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On March 23, 2018, Plaintiff filed the Complaint commencing this action. (ECF Nos. 1.)

**II.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

    28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**III.    ANALYSIS**

    A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and should be precluded from proceeding *in forma pauperis* unless Plaintiff was, at the

time the Complaint was filed, under imminent danger of serious physical injury. Plaintiff has filed numerous unsuccessful cases in the Eastern District of California under the names "Guillermo Trujillo Cruz," "Guillermo Cruz Trujillo," and "Guillermo Trujillo." Court records reflect that on at least three prior occasions, Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. The Court takes judicial notice of the following four cases: (1) Cruz v. Munoz, No. 1:14-cv-01215-SAB (PC) (E.D. Cal.) (dismissed for failure to state a claim on May 17, 2016); (2) Cruz v. Munoz, No. 1:14-cv-00976-DLB (PC) (E.D. Cal.) (dismissed for failure to state a claim on May 11, 2016); (3) Cruz v. Ruiz, No. 1:14-cv-00975-SAB (PC) (E.D. Cal.) (dismissed for failure to state a claim on January 6, 2016); and (4) Trujillo v. Sherman, No. 1:14-cv-01401-BAM (PC) (E.D. Cal.) (dismissed for failure to state a claim on April 24, 2015).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed Plaintiff's Complaint in this action and finds that Plaintiff does not meet the imminent danger exception. See Andrews, 493 F.3d at 1053. In the Complaint, Plaintiff alleges that in April 2016, he was wrongfully found guilty of a rules violation, detained in Ad-Seg, and recommended for transfer to High Desert State Prison. Plaintiff was transferred to High Desert State Prison and arrived there on August 11, 2016, where he was

assaulted by other inmates, resulting in hospitalization to treat his injuries. The Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint.

Therefore, Plaintiff should be precluded from proceeding *in forma pauperis* in this action, and should be required to submit the appropriate filing fee in order to proceed with this case. Accordingly, this action should be dismissed, without prejudice to refiling with the submission of the $400.00 filing fee in full.

**IV. CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff be precluded from proceeding *in forma pauperis* in this action, pursuant to 28 U.S.C. § 1915(g);
2. This action be DISMISSED, without prejudice to refiling with the submission of the $400.00 filing fee in full; and
3. The Clerk be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**March 30, 2018**__ _____**/s/ Gary S. Austin**_____
                                                UNITED STATES MAGISTRATE JUDGE